Filed 3/6/13  In re Justin Y. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JUSTIN Y., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JUSTIN Y.,<br><br>     Defendant and Appellant. | F065292<br><br>(Super. Ct. No. JL003666)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  David W. Moranda, Judge.

Kelly Babineau, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Gomes, J. and Franson, J.

The court continued appellant, Justin Y., as a ward of the court (Welf. & Inst. Code, § 602) after he admitted allegations charging him with carrying a loaded firearm in public (former Pen. Code, § 12031, subd. (a)(1)[1]) and street terrorism (§ 186.22, subd. (a)), and the court found true allegations that he violated a previous order of the court (Welf. & Inst. Code, § 777).  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 22, 2011, Merced police officers responded to a call of a fight at a liquor store.  The officers checked the area and saw appellant and another male, both documented members of a local street gang, sitting on chairs in front of a residence where they did not live.  As the officers questioned two other gang members who may have been involved in the fight, appellant and the other male stood up.  An officer told them they needed to sit down and they both sat down on the curb.  The officer then found a loaded SIG Sauer .40-caliber handgun with the serial number removed, under the chair where appellant had been sitting.  Appellant and the other gang member were both arrested.

On October 25, 2011, the district attorney filed a juvenile wardship petition charging appellant with carrying a loaded firearm in public (count 1), street terrorism (count 2), receiving stolen property (count 3/§ 496, subd. (a)), obliterating the identification of a firearm (count 4/§ 12090), violating a previous order of the court (count 5), and a gang enhancement in count 1 (§ 186.22, subd. (b)(1)(A)).

On November 9, 2011, appellant admitted the carrying a loaded firearm and street terrorism offenses and the court found that he violated a previous order of the court based

---

[1]    Unless otherwise indicated, all further statutory references are to the Penal Code. Former section 12031 was repealed on January 1, 2012, but its provisions were continued without substantive change in section 25850.  The repealed statute was in effect at all times relevant here.

2

on his admission of those offenses.  In exchange for his plea, the court dismissed the remaining counts and enhancements.

On November 30, 2011, the court committed appellant to the Bear Creek Academy Short Term Program, Level III.  At the hearing, the prosecutor informed the court that the victim of the stolen gun was requesting $600 for the loss of the gun, which had to be destroyed because it did not have serial numbers.  After defense counsel objected that appellant should not be required to pay restitution for the gun because he did not plead to the receiving stolen property charge, the court ordered that the matter be set for a restitution hearing.

On February 16, 2012, the probation department filed documents that supported a restitution amount of $713.99 to the victim for the loss of his handgun and two cartridges that were taken during the burglary when the gun was stolen.

On May 9, 2012, the court ordered appellant to pay the confidential victim $713.99.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.